UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

LINDA RAWLINS
    Plaintiff

v.                                                              No. 5:07CV-00162-J

MICHAEL ASTRUE
    Commissioner of Social Security
    Defendant

MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION

This matter is before the court upon the plaintiff's complaint seeking judicial review of the

final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by

Dennis Fentress. The fact and law summaries of the plaintiff and the defendant are at Docket Entry

Nos. 8 and 9, respectively. This matter has been referred to the undersigned magistrate judge for

report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on December 14, 2006, by

administrative law judge (ALJ) Thomas Bryan. In support of his decision denying Title II and

Title XVI benefits, Judge Bryan entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through
December 31, 2006.

2. The claimant has not engaged in substantial gainful activity since July 15, 2002, the
alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).

3. The claimant has the following severe impairments: mechanical low back pain,
hypertension and bipolar disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or
medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1
(20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and ten pounds frequently, stand, walk and/or sit each for about six hours in an eight hour workday.  She can occasionally kneel, crouch, crawl and climb ladders, ropes or scaffolds.  Regarding her mental impairment she retains the ability to perform simple, unskilled work activity.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on August 14, 1953 and was 48 years old, which is defined as a younger individual, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11.  The claimant has not been under a "disability," as defined in the Social Security Act, from July 15, 2002 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Administrative Record (AR), pp. 17-21).

### Governing Legal Standards

1.  The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision.  42 U.S.C. § 405(g), sentence four.  In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision.  *Richardson v. Perales*, 402 U.S. 389 (1971).  Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Kirk v. Secretary*,   667  F.2d  524 (6th Cir., 1981).  It has been described as a sufficient amount of

evidence "to justify, if the trial were to a jury, a refusal to direct a  verdict."  *Sias v. Secretary*,

861 F.2d 475, 480 n. 1 (6th Cir., 1988).  In determining whether the Commissioner's findings are

supported by substantial evidence, the court must examine the evidence in the record taken as a

whole and must take into account  whatever  in  the record fairly detracts from its weight.

*Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992).  However:

> The substantial-evidence standard allows considerable latitude to administration
> decision makers.  It presupposes that there is a zone of choice within which the
> decision makers can go either way, without interferences by the courts.  An
> administrative decision is not subject to reversal merely because substantial evidence
> would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of

the evidence  that   was before the Commissioner on the date of the final decision.   When  the

Appeals Council declines to review the ALJ's decision and render a new decision, the  ALJ's

decision becomes the Commissioner's final decision.  *Cotton  v.  Secretary*,  2  F.3d  692

(6th Cir., 1993).

2.   To be entitled to disability insurance benefits (DIB), a claimant must be under the age

of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and

must be under a disability as defined by the Act.  To qualify for supplemental security income (SSI)

benefits, a claimant  must  file a Title XVI application, must have insufficient earnings and other

financial resources, and must be under a disability as defined by the Act.     The  determination of

disability is essentially the same for Title II and Title XVI purposes.

3.  Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe."  A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that  are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's  ability   to work, irrespective  of  age,  education  and  work  experience"  is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985).  Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3.   In addition,  the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R.  §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number  of  jobs exist in the national economy  that  the claimant  can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990).  If the evidence supports a finding that the claimant's age, education,

work experience, and residual functional capacity (used to determine the claimant's maximum sustained work capability for sedentary, light, medium, heavy or very heavy work as defined by 20 C.F.R. §§ 404.1567 and 416.967) coincide with <u>all</u> the criteria of a particular rule of Appendix 2 of Subpart P, the Commissioner must decide whether the claimant is disabled in accordance with that rule.  Section 200.00(a) of Appendix 2; 20 C.F.R.  §§ 404.1569a(b) and 416.969a(b).

If the claimant is found to have, in addition to the exertional impairments resulting in his maximum residual strength capabilities, nonexertional limitations, e.g., mental, sensory, or skin impairments, postural or manipulative limitations, and environmental restrictions; the Commissioner may rely on the particular  rule only as a "framework for  decisionmaking." Section 200.00(e)(1) and (2) of Appendix 2;   20   C.F.R. §§ 404.1569a(d) and 416.969a(d); *Kimbrough v. Secretary*, 801 F.2d 794 (6th Cir., 1986).   Accordingly, the focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

## Discussion

This case was denied at the fifth and final step of the sequential evaluation process based upon a direct application of Appendix 2 of the regulations, the so-called medical-vocational guidelines, or grids.  The ALJ utilized Grid Rules 202.10 and/or 202.17 in support of his ultimate finding of lack of disability.  The cited rules contemplate the following individual:

1. Maximum exertional capacity for light work.

2. Closely approaching advanced age and a younger individual, respectively.

3. Limited or less education – at least literate and able to communicate in English.

4. Previous work experience unskilled or none.

A direct application of the grids is inappropriate if a claimant suffers from a non-exertional impairment that significantly erodes the occupational base of the full range of work at a given exertional level. Unless the plaintiff shows that his medical-vocational profile is not accurately characterized by Grid Rule 202.10 and/or 202.17 and/or that he suffers from a non-exertional impairment that significantly erodes the occupational base for light work, the court should affirm the ALJ's decision. The plaintiff has made no such showing. Therefore, we shall recommend an affirmance of the Commissioner's final decision. We shall consider the plaintiff's specific contentions in turn.

The plaintiff's first numbered contention is that "the administrative decision was based on inadequate vocational evidence" (Docket Entry No. 8, p. 8). The contention is based upon the ALJ's acceptance of the findings of the state agency physician, who found, among other things, that the plaintiff is limited to "occasional" stooping (AR, pp. 18-19 and 255). According to the argument, this limitation constitutes a non-exertional limitation that would be expected to significantly erode the occupational base for light work. The magistrate judge concludes that the argument is without merit because the "lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping," hence, "[i]f a person can stoop occasionally (from very little up to one-third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact." Social Security Ruling (SSR) 83-10 and SSR 83-15, respectively.

Next, the plaintiff observes that the ALJ found that she suffers from a "severe" bipolar disorder that limits her to simple, unskilled work activity. ALJ's Finding Nos. 3 and 5. According to the argument, a restriction to unskilled work constitutes a non-exertional limitation that would

be expected to significantly erode the occupational base described by Grid Rules 202.10 and/or

202.17.  The magistrate judge concludes that the argument is unpersuasive because the cited Rules

implicitly contemplate the non-exertional limitation found by the ALJ of being limited to unskilled

work inasmuch as they contemplate an individual whose previous work experience was "unskilled

or none."

The plaintiff's second numbered contention is that "a mental residual functional capacity

[RFC] assessment for unskilled work activity does not comply with the required [case law] legal

standards" (Docket Entry No. 8, p. 10).  In addition to finding that the plaintiff is limited to unskilled

work, Judge Bryan found that the plaintiff is restricted in the following functional domains

(AR, p. 18):

> The undersigned finds the claimant has bipolar disorder.  In evaluating this under the
> "B" criteria, the undersigned finds this impairment results in "mild" restriction of
> activities of daily living, "mild" difficulties in maintaining social functioning, and
> "moderate" difficulties in maintaining concentration, persistence or pace.  There is
> no evidence of episodes of decompensation and no evidence to support the presence
> of the "C" criteria.  She retains the ability to perform simple, unskilled work activity.

The plaintiff cites three cases from the district court for the Eastern District of Michigan in support

of her position:  *Bielat v. Commissioner*, 267 F.Supp.2d 698 (2003), *Walker v. Commissioner*,

258 F.Supp.2d 693 (2003), and *Edwards v. Commissioner*, 383 F.Supp.2d 920 (2005).  As a

preliminary matter, the magistrate judge observes that district court opinions from Michigan are not

binding upon this court. In any event, the plaintiff's reliance upon the cited authorities is misplaced

because the issue in those cases was the degree of specificity required with respect to the mental

RFC contemplated by the controlling vocational hypothetical in support of a fifth-step denial.  As

we have already noted, this case was decided based upon a direct application of the grids in the

absence of vocational testimony.

The plaintiff's third contention is that "the [ALJ]'s mental [RFC] assessment did not comply with the appropriate legal standards" (Docket Entry No. 8, p. 12). The argument is that the ALJ's finding that the plaintiff is restricted to simple, unskilled work activity does not constitute a sufficiently-detailed "function-by-function" mental RFC finding as required by 20 C.F.R. §§ 404.1545 and 416.945 and SSR 96-8p. As noted above, the ALJ did not simply find that the plaintiff is restricted to simple, unskilled work. The ALJ also found that the plaintiff has mild restriction of activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and no evidence of episodes of decompensation (AR, p. 18). The magistrate judge concludes that the ALJ mental RFC finding was adequate.

The plaintiff's fourth contention is that "the administrative decision failed to comply with [SSR] 96-6p" (Docket Entry No. 8, p. 16). The cited Ruling describes how the Commissioner is to decide whether an impairment is medically equivalent to an impairment listed in Appendix 1 of the regulations, the so-called Listing of impairments  The magistrate judge concludes that the plaintiff has failed to carry her third step burden of showing that her bipolar disorder was the medical equivalent of a Listed impairment.

The plaintiff's fifth contention is that "the [ALJ] failed to properly evaluate all medical opinions of record" (Docket Entry No. 8, p. 18). The argument is based upon the fact that, although the ALJ accepted the findings of the state agency physician (AR, pp. 18-19), RFC Finding No. 5 fails to explicitly find that the plaintiff is limited to "occasional" stooping. The magistrate judge concludes that, at worst, any error was harmless because we have already concluded that, even if

the plaintiff is limited to "occasional" stooping, this would not preclude utilization of Grid Rules 202.10 and/or 202.17 to direct an ultimate finding of lack of disability.

The plaintiff's sixth contention is that "the objective evidence of record supports Ms. Rawlins' significant restrictions on standing and walking" (Docket Entry No. 8, p. 18).  The plaintiff argues that the ALJ was obliged to accept her testimony of being limited to 15 to 20 minutes of standing and lifting no more than five pounds (AR, pp. 351-352) in light of the x-ray and MRI results of her lumbar spine (AR, pp. 132, 145-146, and 195).  The magistrate judge concludes that the argument is unpersuasive because the raw radiographic data do not establish the credibility of her subjective testimony.

The plaintiff's seventh and final contention is that "Grid Rule 202.09 requires a finding of disability" (Docket Entry No. 8, p. 22).  Whereas Rule 202.10 contemplates an education of "limited or less education – at least literate and able to communicate in English," Rule 202.09 contemplates "illiterate or unable to communicate in English."  The plaintiff argues that the substantial weight of the evidence indicates she is illiterate in light of her school records (AR, pp. 126 and 354-355).  The magistrate judge concludes that the argument is unpersuasive because she has failed to show that her school records require a finding of illiteracy.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).